UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNY G. HOWARD,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05885<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S PARTIAL DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of the defendant Commissioner's partial denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits prior to February 7, 2012 is reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 11, 2011, plaintiff protectively filed an application for DIB.  He also protectively filed an application for SSI on November 1, 2011.  Both applications alleged disability as of January 1, 2009, due to depression and anxiety disorder. See Administrative Record ("AR") 81, 98.  His applications were denied upon initial administrative review and on reconsideration. See

ORDER - 1

AR 96, 113, 130, 145.  A hearing was held before an administrative law judge ("ALJ") on March 20, 2013, at which plaintiff appeared and testified without representation of counsel.  AR 12, 33-53.  Medical and vocational experts also testified at the hearing.  See AR 12, 40-44, 51-53.

On April 11, 2013, the ALJ issued a partially favorable decision in which plaintiff was determined to be disabled as of February 7, 2012. See AR 12-26.  Plaintiff was awarded SSI benefits from February 7, 2012 forward.  However, the February 7, 2012 onset date resulted in denial of DIB because his date of last insured was December 31, 2011.  AR 26.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 23, 2014, making the ALJ's decision the Commissioner's final decision. See AR 1; see also 20 C.F.R. § 404.981, § 416.1481.  On November 14, 2014, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3.  The administrative record was filed with the Court on January 20, 2015. See ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award of benefits effective July 2011, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; and (3) in rejecting the lay witness evidence in the record.  The Court agrees the ALJ erred in determining plaintiff to be not disabled prior to February 7, 2012, but, for the reasons set forth below, finds that while the Commissioner's decision should be partially reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied and the "substantial evidence in the

ORDER - 2

record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))). [1]

//

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

I.    The ALJ's Evaluation of the Medical Evidence

Plaintiff alleges that the ALJ erroneously rejected evidence provided during the hearing testimony of John Nance, Ph.D., a non-examining medical expert. The Commissioner argues that the ALJ correctly exercised his role as "final arbiter" with respect to resolving ambiguities in the medical evidence.  Dkt. 16 at 9.  See, Tommasetti v. Astrue, 533 F.3d at 1041.  However, the Commissioner fails to note that the medical ambiguities pertained to plaintiff's onset date and were not properly resolved by the ALJ.

The ALJ evaluated the medical evidence and determined an onset date of February 7, 2012 which differed from plaintiff's amended alleged onset date of August 24, 2010.  But, under Social Security Regulation ("SSR") 83-20 determination of an onset date requires a "legitimate medical basis" which is established by calling a medical advisor at the hearing.

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in a particular case.  This judgment, however, must have a legitimate medical basis.  At a hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20.

SSR 83-20 has been interpreted to *require* a medical advisor if the "medical evidence is not definite concerning the onset date and medical inferences need to be made." Delorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991).   In such cases, the ALJ must call a medical expert to assist in determining the onset date.  Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998).  While the ALJ in this case took testimony from a medical expert, the testimony did not pertain to onset date and does not satisfy the requirements of SSR 83-20.

The ALJ called the medical expert to testify about whether plaintiff met a listed impairment.  The ALJ told plaintiff that he had called Dr. Nance to "tell me about your medical

ORDER - 4

history as determined by the records with your diagnoses and then whether or not you meet a listing of the Commissioner and then any problems you might have with working based on your psychological condition." AR 35. The ALJ questioned Dr. Nance only with regard to whether plaintiff met or equaled a Listing. AR 43-44. The ALJ did not raise, and Dr. Nance did not testify to, the issue of onset date. AR 43-44.

The ALJ evaluated the medical evidence and established an onset date for disability of February 7, 2012, without expert guidance. This was legal error. When evidence of the onset of mental impairment is ambiguous, "the ALJ should determine the date based on an informed inference. Such an inference is not possible without the assistance of a medical expert." Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991). The ALJ's reliance on his own examination of the record does not establish a "legitimate medical basis" for the onset date. As a result, the case must be remanded for medical expert testimony in order to establish an onset date in compliance with SSR 83-20.

On remand, the ALJ should call a medical expert to examine the record and provide testimony to assist with the medical inferences necessary to establish plaintiff's onset date. Because the ALJ erroneously established an onset date of February 7, 2012, the Court need not consider plaintiff's alleged errors concerning evaluation of the medical evidence prior to this date. All medical evidence should be reviewed on remand as needed to properly determine plaintiff's onset date.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a

ORDER - 5

credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

The ALJ found that plaintiff's statements about his symptoms were not entirely credible prior to February 7, 2012 because his symptoms were disproportionate to the objective and clinical findings, his treatment was routine and/or conservative and his symptoms well controlled, a medical evaluation showed evidence of possible malingering or misrepresentation,

ORDER - 6

and his activities of daily living were not as limited as expected. AR 18, 20. Plaintiff alleges error in evaluating his testimony because an overall examination of his records show that he lives in sober, supportive housing with therapy and medication to manage his long term mental impairments. Dkt. 13 at 15. Additionally, plaintiff contends the ALJ improperly considered a medical opinion from 2010 to support a claim of possible malingering or misrepresentation.

The ALJ raised the issue of malingering but did not find make an explicit finding of malingering. "The record contains a statement from an examining source that the claimant may have been engaging in malingering or misrepresentation." AR 20. As a result of the opinion expressed in the medical evaluation, the ALJ noted that "[t]he claimant's exaggerated report of his symptoms does not reflect favorably on the claimant's overall credibility." AR 20. In July 2010, Todd D. Bowerly, Ph.D. conducted a psychological evaluation that raised several concerns about misrepresentation or exaggeration. AR 390-97. Dr. Bowerly, himself, expressed doubt about plaintiff's reliability. "The reliability of his self-report is held in question given the discrepancy between his unremarkable clinical presentation and his amplified/exaggerated performance on the MMPI-2. On this measure, he understood test items and answered consistently, but appeared to make a deliberate attempt to portray himself in an unfavorable light." AR 392. Similar results occurred during cognitive testing, the results of which "are also somewhat held in question." AR 392. "On a test of memory malingering (TOMM), he scored four points below the cut off on the second trial, and very few people (even those with severe cognitive deficits) score below the cut off on this measure." AR 392. Dr. Bowerly mentioned a possibility of visual impairment, but reiterated that "malingering for secondary gain in the context of disability determination is a possibility." AR 396.

Plaintiff contends that Dr. Bowerly's assessment is "not legally relevant," because it

ORDER - 7

originated prior to the amended alleged onset date in August 2010 and related to a previous SSI/DIB claim. Dkt. 13 at 12. Plaintiff is correct that, generally, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008).  And "[t]his is especially true in cases such as this where disability is allegedly caused by a discrete event." Id. In this case, plaintiff did not allege a discrete disabling event, but ongoing mental impairment.

Dr. Bowerly's exam was conducted shortly before the time period at issue in this case. Plaintiff initially filed for SSI/DIB with an alleged onset date of January 1, 2009. AR 81, This onset date was amended to August 24, 2010 after a prior ALJ decision through August 23, 2010 became final. AR 34. Therefore, Dr. Bowerly's July 2010 examination was within the original onset date and merely a month prior to the amended onset date. Given the close time period, there is minimal concern that plaintiff's level of impairment experienced a considerable change during the short time between assessment and amended onset date.

The ALJ properly considered Dr. Bowerly's opinion in the credibility determination. According to the ALJ, Dr. Bowerly's report of exaggerated test results "does not reflect favorably on the claimant's overall credibility." AR 20. Indeed, a claimant's exaggerated or inconsistent statements are reasons to discount credibility. Tonapetyan, 242 F.3d at 1148. Therefore, Dr. Bowerly's assessment provided a clear and convincing reason for the ALJ to discount plaintiff's credibility.

Additionally, portions of plaintiff's objective medical evidence do not support the allegations of disabling mental impairments. While subjective symptom testimony cannot be rejected solely because it is not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in determining severity of symptoms and their disabling effects.

ORDER - 8

Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, plaintiff's records show periods of symptom stability with medication management.

For example, in December 2010 plaintiff reported improvement in his symptoms on medication.  AR 342.  He gave a similar report in January 2011.  AR 340.  In October 2011 plaintiff reported "doing well" on his medications.  AR 335.  David T. Morgan, Ph.D., noted this stability in a July 2011 psychiatric evaluation.  AR 322-326.  At that time, a mental status exam showed that plaintiff was properly oriented, cooperative, with no evidence of delusional thought.  AR 325.  He could easily follow a three-step command and had adequate insight and judgment.  AR 325-26. According to Dr. Morgan, plaintiff presented with no acute symptoms, likely because of proper medication.  AR 325.

These periods of stability establish inconsistencies between plaintiff's complaints and the objective medical evidence. Such inconsistencies are clear and convincing reasons to discount plaintiff's credibility. See, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).  Given these inconsistencies and the evidence of possible misrepresentation during the psychological evaluation, the Court affirms the ALJ credibility determination.

III.     The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).  Plaintiff's sister, Laura Oliver, provided a written third-party function report.  AR 260-67.  She stated that plaintiff could maintain "his personal well-being" by doing laundry, preparing meals, and performing housekeeping chores.  AR 261-62.  He could go out, grocery shop, pay bills, and follow written or spoken directions well if the directions are basic and there

is no time limit.  AR 262-65.  But, she also described anxiety and a short attention span of only ten to fifteen minutes.  AR 265.  And, she opined that "[h]is condition creates the inability to be confident to work or hold a job. Being in the workplace creates worsening symptoms."  AR 260.  The ALJ considered and gave some weight to Ms. Oliver's lay opinion, finding her observations about plaintiff's activities of daily living to be credible.  AR 22.  However, the ALJ found that Ms. Oliver's "statements regarding the claimant's limitations in function are not fully credible and do not support a finding that the claimant has any more limitations than those determined in this decision."  AR 22.  Additionally, "[s]ome of Ms Oliver's statements, such as the claimant's ability to be confident at work or pay attention for more than 10-15 minutes, appear to be based on the claimant's subjective complaints, and are not supported by the medical evidence of record."  AR 22.  Plaintiff disagrees with this assessment, and alleges that the ALJ did not properly specify the contradictory medical evidence and erroneously rejected Ms. Oliver's observations as merely reiterated subjective complaints.

Plaintiff incorrectly asserts that the ALJ must specify the medical evidence seen as contradictory to Ms. Oliver's report.  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted and supported by substantial evidence. Id. at 512.  This is the case even if the ALJ does "not clearly link his determination to those reasons."  Id.  Therefore, to properly reject Ms. Oliver's claims, the ALJ only needed to have cited arguably germane reasons supported by substantial evidence in the record.

Inconsistency with medical evidence is one such germane reason.  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).  Dr. Morgan's July 2011 assessment is inconsistent with Ms. Oliver's description of his functional limitations in concentration and task completion.  Dr.

ORDER - 10

Morgan assessed no limitation in plaintiff's ability to understand, remember, and persist in tasks following simple instructions and only mild impairment when complex instructions were involved. AR 324. While plaintiff displayed some memory impairment, he could easily complete a three step task. AR 325. These results differ significantly from Ms. Oliver's description of her brother as unable to understand and complete tasks or pay attention for more than ten or fifteen minutes. AR 265. Given this inconsistency between some of Ms. Oliver's observations and the objective medical evidence, the Court affirms the ALJ's decision to discount portions of her lay witness evidence.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled prior to February 7, 2012. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein..

DATED this 2nd day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11